UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC HEALTH REFORM ALLIANCE,<br>c/o Binnall Law Group<br>717 King Street, Suite 200<br>Alexandria, Virginia 22314<br><br>    *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>c/o General Counsel<br>200 Independence Avenue, S.W.,<br>Washington, D.C. 20201,<br><br>    *Defendant*. | Case No.: _____ |

## COMPLAINT

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of records requested by Public Health Reform Alliance ("PHRA") from the United States Department of Health and Human Services ("HHS").

## PARTIES

2. Plaintiff Public Health Reform Alliance is a nonpartisan organization that educates the public on the public health system and promotes government transparency and accountability in public health agencies. In furtherance of its public education mission, PHRA regularly issues FOIA requests.

3. Defendant United States Department of Health and Human Services is an agency within the meaning of 5 U.S.C. § 552(f)(1). Multiple agency components within HHS have possession, custody, and control of records to which PHRA seeks access and which are the subject of this Complaint, including Centers for Medicare and Medicaid Services ("CMS").

## JURISDICTION AND VENUE

4. This Court has personal and subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA and PHRA is deemed to have exhausted its administrative remedies.

5. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## STATEMENT OF FACTS

6. On May 28, 2024, pursuant to FOIA, PHRA sent to CMS, a component of Defendant, a FOIA request asking for: "PHRA requests from the CMS records of communications to or from current CMS officials and Donald Berwick from January 1, 2022, to the date the search begins." PHRA listed seven different officials, and three external organizations (the "FOIA Request"). Exhibit A.

7. On May 31, 2024, CMS responded, acknowledging receipt of the FOIA Request, and providing a tracking number. Exhibit B.

8. Having not heard anything, on September 5, 2024, PHRA emailed CMS inquiring as to the status of the FOIA Request and asking when CMS would produce

2

documents. CMS responded that same day, stating: This request has been sent out to records and is currently in the process of receiving those records." Exhibit C.

9. Having still not heard anything, on November 11, 2024, PHRA emailed CMS again inquiring as to the status of the FOIA Request and asking when CMS would produce documents. CMS responded on December 5, 2025, noting that it was still processing the records. Exhibit C.

10. On December 6, 2024, CMS sent a communication requiring payment for the FOIA Request. Exhibit D.

11. On December 26, 2024, PHRA informed CMS that it was an exempt organization from paying the otherwise requisite fees. CMS apologized for its mistake, noting that PHRA does not "owe fees for this information," but did not otherwise provide an update on when it would produce responsive documents to the FOIA Request. Exhibit E.

12. On January 3, 2025, PHRA again inquired with CMS as to the status of the FOIA Request. Exhibit F.

13. CMS responded on January 14, 2025, asking for confirmation that PHRA received the documents. Exhibit F.

14. When PHRA informed CMS that it had not received the documents, CMS told PHRA it could expect the documents by close of business on January 17, 2025. Exhibit F.

15. On January 21, 2025, CMS puzzlingly informed PHRA that the FOIA Request would be assigned to an analysist. PHRA questioned this because it was

promised the documents by January 17, 2025, however, CMS did not respond. Exhibit F.

16. To date, Defendant has not issued a final response to the FOIA Request and is in violation of FOIA's timeliness requirements.

17. Defendant continues to improperly withhold the requested information from PHRA.

## CAUSES OF ACTION

### COUNT I
### (Violation of FOIA: Failure to Comply with Statutory Deadlines)

18. PHRA incorporates by reference the above paragraphs as though set forth fully herein.

19. FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

20. On May 28, 2024, PHRA properly issued the FOIA Request.

21. PHRA has a legal right under FOIA to obtain the agency records described in the FOIA Request in a timely manner and in accordance with the requirements set forth in FOIA. Because Defendant is an "agency" subject to FOIA, it must release all non-exempt records and provide legitimate reasons for withholding any records.

22. FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, FOIA mandates

that the agency provide requesters "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" 5 U.S.C. § 552(a)(6)(B)(ii).

23.     The twenty (20) business day time limit has expired for the FOIA Request. Defendant accordingly has improperly denied PHRA's access to agency records by failing to issue final determinations on the FOIA Request, within the statutory time limit set forth in 5 U.S.C. § 552(a)(6).

24.     Defendant has further failed to comply with FOIA, insofar as it has not "arrange[d] . . . an alternative time frame" for responding to the FOIA Request. *Id.* Instead, Defendant has issued vague responses that contain neither an estimated date of completion nor an invitation to contact the agency for the purposes of negotiating an "alternative" response date. PHRA does not believe it has the ability to arrange for an alternative time frame for Defendant's final responses.

25.     PHRA has exhausted any and all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

26.     PHRA has been and is currently being irreparably harmed by Defendant's unlawful withholding of the requested agency information, and PHRA will continue to be irreparably harmed until Defendant is compelled to conform their conduct to the requirements of FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PHRA respectfully requests that the Court enter judgment against Defendant, and provide PHRA with the following relief:

a. An order declaring that Defendant's actions violated PHRA's statutory rights under 5 U.S.C. § 552;

b. An Order that Defendant issue a determination, and that Defendant shall conduct a diligent search for any and all records responsive to the FOIA Requests and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to the FOIA Request, selected from among those methods available to Defendant;

c. An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to the FOIA Request and a Vaughn index of any responsive records withheld under claim of exemption;

d.  An Order awarding to PHRA its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

e. An Order granting to PHRA all further relief to which PHRA may be entitled.

Dated: January 29, 2025    PUBLIC HEALTH REFORM ALLIANCE
                           *By Counsel*

                           Respectfully submitted,

                           */s/    Jesse R. Binnall*
                           Jesse R. Binnall (VA022)
                           BINNALL LAW GROUP, PLLC
                           717 King Street, Suite 200

6

        Alexandria, Virginia 22314
        Phone: (703) 888-1943
        Fax: (703) 888-1930
        Email: jesse@binnall.com

        *Counsel for Plaintiff*